```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL A. LAGNESE              )
        Plaintiff,              )
                                )
    vs.                         )    Civil Action No. 05-1693
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF SOCIAL          )
SECURITY,                       )
        Defendant.              )

## JUDGMENT ORDER

Gary L. Lancaster,
District Judge

This is an appeal from the final decision of the Commissioner denying plaintiff's claim for disability insurance benefits and supplemental social security insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Plaintiff, Michael A. Lagnese, alleges that the administrative law judge's decision that he is not disabled, and therefore is not entitled to benefits, should be reversed because it is contrary to law and unsupported by substantial evidence. The parties have filed cross-motions for summary judgment on this issue.

Plaintiff filed for benefits on October 15, 2003. Plaintiff alleged that he had been disabled since June 20, 2002 due to Hepatitis C and liver disease. Tr. 15, 58-60. The state

agency denied his application. Tr. 16, 81-87. Plaintiff then requested an administrative hearing. An administrative law judge ("ALJ") held a hearing on April 20, 2005. On July 18, 2005, the ALJ determined that plaintiff was not entitled to benefits. Tr. 13-22. Plaintiff then filed a request for review with the Appeals Council on August 9, 2005. On October 14, 2005, the Appeals Council denied plaintiff's request for review. Thereafter, plaintiff filed the instant complaint.

Plaintiff argues that the ALJ's decision was erroneous. Specifically, plaintiff argues that the ALJ failed to credit his treating physician's finding that the severity of his hepatitis C met or equaled the severity of a listed impairment and, thus, rendered plaintiff disabled *per se*.

Where the Commissioner's findings are supported by substantial evidence we must affirm. 42 U.S.C. §405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). The "substantial evidence" standard of review requires that we review the whole record. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

The claimant has the burden of establishing disability by a preponderance of the evidence.

The Court of Appeals for the Third Circuit has noted that, under the Social Security Act, "a disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve month period." Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001)(citations and internal quotations omitted).  In order to establish that he is unable to engage in any substantial gainful activity, plaintiff's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind o substantial gainful work which exists in the national economy."  Id. at 39.(citing 42 U.S.C. § 423(d)(2)(A)).

The Commissioner has promulgated regulations that establish a five-step sequential evaluation process to determine whether a claimant is disabled.[1]  First, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity; if so, the claimant is not disabled.  Second, the Commissioner must determine whether the

---

[1] 20 C.F.R. §§ 404.1520(b), 416.920(b).

3

claimant has a "severe" impairment or combination of impairments; if not, then a finding of nondisability is made and the inquiry ends.[2]  Third, if the claimant has a "severe" impairment, the Commissioner must compare it to those in a listing of impairments ("listing") which are presumed to be severe enough to preclude any gainful work.  If the impairment meets or equals any within the listing, disability is presumed and benefits are awarded. [3] Fourth, if the claimant's impairments do not meet or equal those in the listing, the Commissioner must determine whether the impairments prevent the claimant from performing his past relevant work activity.[4]  Fifth, if the claimant is unable to perform his relevant past work, then a prima facie case of disability is established.[5]

If the claimant establishes a prima facie case, the burden shifts to the Commissioner to demonstrate that the claimant retains the ability to do other work activity and that--given his or her age, education and work experience--jobs the claimant could perform exist in the national economy. Gilliland v. Heckler, 786 F.2d 178, 182 (3d Cir. 1986).  If the

---

[2] Id. §§ 404.1520(e), 416.920(e).

[3] Id. §§ 404.1520(d), 416.920(d).

[4] Id. §§ 404.1520(e), 416.920(e).

[5] Id. §§ 404.1520(f), 416.920(f).

4

Commissioner does not meet this burden, the claimant is considered disabled and benefits are awarded. Reyes v. Bowen, 845 F.2d 242 (10th Cir. 1988).

The ALJ determined that: (1) plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (2) plaintiff's hepatitis C is a "severe" impairment; (3) plaintiff's hepatitis C does not meet or medically equal one of the listed impairments; (4) plaintiff has residual functional capacity to perform low stress, light exertion jobs; (5) plaintiff is unable to perform any of his past relevant work; (6) despite plaintiff's limitations, based upon the testimony of a vocational expert, there are a significant number of jobs in the national economy plaintiff could perform. Tr. 20-21.

Plaintiff challenges the ALJ's conclusion that his impairment does not meet or medically equal one of the impairments in the listing. In support of his argument, plaintiff notes that one of his treating physicians, Dr. Waseem I. Aziz, concluded in March of 2005 that plaintiff's hepatitis C met or equaled the impairment listed in 20 C.F.R. part 404, Subpart P, Appendix 1, § 5.05(F).[6] Plaintiff argues that the ALJ

---

[6] Section 5.05 provides, in relevant part:
Chronic liver disease...With:

(continued...)

5

should have found that his disability was conclusively established by Dr. Aziz's opinion and, accoridingly, awarded plaintiff benefits.

The opinion of claimant's treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In Plummer, the court of appeals held that "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  Id. at 429.

Here, the ALJ determined that plaintiff suffers from hepatitis, an impairment that is considered to be severe under the relevant regulations.  The ALJ also determined, that Dr. Aziz's opinion was not entitled to dispositive weight because

---

⁶(...continued)
(F) confirmation of chronic liver disease by liver biopsy (obtained independent of Social Security Disability evaluation)...and:
(3) Hepatic cell necrosis or inflammation persisting for at least 3 months documented by repeated abnormalities of prothrumbin time and enzymes indicative of hepatic dysfunction.
20 C.F.R. part 404, Subpart P, Appendix 1, § 5.05(F)

"Section 5.05 requires clinical findings of specific levels of hepatic dysfunction that are not in evidence." Tr. 18. The ALJ did not reject Dr. Aziz's opinion. Rather, the ALJ evaluated Dr. Aziz's assertion with reference to requirements of Section 5.05 and the remainder of the medical evidence. The ALJ also noted that plaintiff was first seen by Dr. Aziz in October of 2003. Thereafter, for reasons which are not clear, plaintiff did not see Dr. Aziz again until March of 2005. The ALJ also observed that the state agency physician had concluded that plaintiff's hepatitis was not disabling. Tr. 156-62. Thus, the ALJ's conclusion that plaintiff's hepatitis did not meet or equal a listed impairment was supported by substantial evidence.

The ALJ, after reviewing all of the medical evidence in the record, as well as the claimant's testimony at the hearing, concluded that plaintiff retained sufficient residual functional capacity to perform "light" work. The ALJ found that, based upon the medical evidence presented and the testimony of a vocational expert, plaintiff was not able to return to his prior work. Despite this finding, the ALJ concluded, based upon the testimony of the vocational expert, that "there are a significant number of jobs in the national economy plaintiff could perform." Tr. 21. In light of the relevant medical evidence of record and

the testimony of the vocational expert, the ALJ's conclusion that plaintiff was not disabled is supported by substantial evidence.

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled. The decision of the administrative law judge denying plaintiff's application for disability benefits will be affirmed.

AND NOW, this 10th day of November, 2006, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record